IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARKETHIA MULL, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CA. No._____ | |
| HOUSTON INDEP. SCH. DIST., § | | |
| SONIA QUINTANILLA, § | | |
| MARGARITA GARDEA, § | | |
| SHAVONNE SHELTTON § | TRIAL BY JURY | |
| *,Defendants* | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Comes now, Markethia Mull (hereafter "Plaintiff" or "Mull"), and files this Plaintiffs' Original Complaint, complaining of Defendant Houston Independent School District ("HISD"), Defendant Sonia Quintanilla ("Sonia") [HISD Police Officer], Defendant [former Principal, now promoted] Margarita Gardea (hereafter "Gardea"), and Defendant Shavonne Sheltton ("Sheltton")(collectively "Defendants"); and by way hereof, Plaintiff would show the following:

**A.   Parties**

1.   Plaintiff is a resident of Harris County, Texas.

2.   Defendants:

   a.   HISD is a public school district with its principal place of business in Harris County, Texas; it may be served with process by serving its interim school superintendent, Granita Lathan at her office, 4400 West

1

18th Street, Houston, TX 77092-8501.

      b.    Sonia is a member of the HI State police force who swore out the complaint against plaintiff on or about March 10, 2017; she may be served at 4400 West 18th Street, Houston, TX 77092-8501.

      c.    Gardea is an administrator in HISD now promoted into the rank of School Support Officer and may be served at 4400 West 18th Street, Houston, TX 77092-8501.

      d.    Sheltton is a resident of Harris County, Texas and may be served where she is found.

**B.    JURISDICTION AND VENUE**

3.    This Court has jurisdiction pursuant to Title 28 U.S.C. § 1331 because the case involves federal questions arising under the Constitution and laws of the United States.

4.    Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over state law claims arising out of the same case or controversy.

5.    Venue is appropriate in the Southern District of Texas because the events made the subject hereof occurred principally in Harris County, where the parties reside and do business.

**C.    APPLICABLE STATE STATUTES**

6. Texas Education Code ("TEC"), and Texas Penal Code ("TPC"):

   a. TEC **Sec. 21.203. EMPLOYMENT POLICIES**.
   (a) Except as provided by Section 21.352(c), the employment policies adopted by a board of trustees must require a written evaluation of each teacher at annual or more frequent intervals. **The board must consider the most recent evaluations before making a decision not to renew a teacher's contract if the evaluations are relevant to the reason for the board's action.**
   (b) The employment policies must include reasons for not renewing a teacher's contract at the end of a school year.

   b. **TEC Section 22.0512 - Immunity From Disciplinary Proceedings For Professional Employees**
   **(a) A professional employee of a school district may not be subject to disciplinary proceedings for the employee's use of physical force against a student to the extent justified under Section 9.62, Penal Code;**
   **(b) In this section, "disciplinary proceeding" means:**
   **(1) an action brought by the school district employing a professional employee of a school district to discharge or suspend the employee or terminate or not renew the employee's term contract; or**
   **(2) an action brought by the State Board for Educator Certification to enforce the educator's code of ethics adopted under Section 21.041(b)(8).**
   **(c)** This section does not prohibit a school district from:
   **(1)** enforcing a policy relating to corporal punishment; or
   **(2)** notwithstanding Subsection (a), bringing a disciplinary proceeding against a professional employee of the district who violates the district policy relating to corporal punishment.

   c. **TPC § 9.62 Educator Student**

   **The use of force, but not deadly force, against a person is justified**: (1) if the actor is entrusted with the care, supervision, or administration of the person for a special purpose; and (2) when and **to the degree the actor reasonably believes the force is**

3

**necessary to further the special purpose or to maintain discipline in a group**.

(Emphasis added)

**D. FACTS**

7.     Plaintiff was born on August 19, 1976 and reared in Arkansas.

8.     Plaintiff has an earned Bachelor of Science from University of Arkansas, conferred December 1999.

9.     Plaintiff has an earned Masters of Science from University of Arkansas, conferred in May 2003.

10.    Plaintiff has a Masters of Science from Concordia University, conferred in May 2011.

11.    Plaintiff is certified by Texas Education Agency and holds EC -4 [Early Childhood through Fourth Grade], Generalist.

12.    Plaintiff was employed by HISD as a classroom teacher from August 2013 through suspension of her teaching duties on November 28, 2016 for false and fabricated accusations concocted by Defendant's Gardea, Shelttton and Julia Dimmitt, Sonia Quintanilla, and Steve Olivo, all acting together in civil conspiracy.

13.    Plaintiff was always employed on a renewable annual or Term Contract.

14.    Plaintiff was assigned to teach Kindergarten and First Grade at at B. C. Elmore Elementary.

15.    Defendant Gardea was Plaintiff's Principal from August 2013 through

Plaintiff's separation by HISD's Board non-renewal on April 21, 2017.

16. Plaintiff was not evaluated by Gardea or her assessment delegee during the 2016-2017 school year.

17. Plaintiff was falsely accused of "on or about November 21, 2016 did then and there unlawfully, intentionally, and knowingly caus[ing] injury to [Sheltton's child] A.H. hereinafter styled the Complainant, a child younger than 15 years of age, by all Restraining THE COMPLAINANTS ARM BEHIND HER AND SLAMMING all The COMPLAINANT T0 THE FLOOR."

18. Plaintiff consistently denied violating any HISD policy or rule with regard to AH.

19. Plaintiff has consistently denied and no evidence exists to contradict that Plaintiff was engaged in punishing AH, or that Plaintiff did anything except apply reasonable force to AH's hands to keep AH from hitting other students or Plaintiff.

20. Plaintiff did nothing to cause AH to hit her head to the ground, or to cause AH's lip to bleed.

21. In fact, when AH walked into her, plaintiff's classroom during breakfast on Monday morning with a bruise on her lip that resembled a busted lip, but that nothing caused alarm to a reasonable person or Plaintiff requiring that Plaintiff send AH to the nurse. .

22. Plaintiff inquired about the bruised bottom lip, and AH was hesitant to tell

the plaintiff how she had received the busted lip, saying only, " I ran into the wall."

23. AH received her reward for passing her High Frequency Word Assessment the previous week.

24. Shortly afterwards, AH caused a disruption in the learning environment by hitting other students as the students including AH were sitting in their squares on the rug, crisscross applesauce style, reviewing their High Frequency Words.

25. Several students screamed out at AH , "stop hitting me".

26. AH was asked on several occasions would you please stop hitting students. Plaintiff recall that initially, AH hit a male student to the right of her, but she stopped hitting him and plaintiff ask her, "will you stop hitting him?" And AH replied, "yeah", but AH then started hitting another male student to the left of her.

27. AH stopped hitting the 2nd boy when plaintiff redirected AH by bringing attention to her behavior.

28. AH was asked to stop hitting the student to her left, and she replied "yeah."

29. AH then went back to hitting the first student again, and it was then that plaintiff walked to a closer proximity to AH in order to conference with her. Plaintiff reached for AH's right hand plaintiff's right hand, but AH abruptly moved her hand and body as she was sitting cross-legged on the floor, scooting away from Plaintiff.

30. AH attempted to swing her fists at Plaintiff's legs.

31. Plaintiff then reached for both of AH's hands, but AH continued to resist.

32. AH was moving her hands and body in making noises.

33. Plaintiff placed AH's hands in Plaintiff's hands to AH's side and behind AH's back to prevent AH from hitting plaintiff or any of the students.

34. Plaintiff asked AH, "Now, would you please stop hitting the students?" AH's response was' yeah'.

35. AH had rolled over on her stomach from her side, and Plaintiff did not force AH's head down on the floor.

36. Plaintiff used only sufficient force as was warranted to protect the students, and herself.

37. Plaintiff recalls that afterwards, Plaintiff helped AH stand up and to sit back on to her square on the rug.

38. Based on plaintiff's observation, there was no blood on the rug, or where AH's face had touched the floor, nor was there blood on AH's face.

39. AH had rested her head in her hands upon her crossed legs.

40. Plaintiff walked to the back forward to finish the Morning Message when another student informed her that AH was bleeding.

41. Plaintiff said she put the marker down and walked to get a tissue while stating to AH, for her to meet plaintiff at the trash can.

42. AH placed her hand on the rug to help herself up, and had tears and mucus

running down her face mixed with saliva and blood.

43. AH wiped her mouth while Plaintiff wiped her nose and eyes.

44. Plaintiff asked AH where she was bleeding, and she said her mouth. Plaintiff inspected her mouth, but could not see the source of any blood.

45. AH was given tissues to hold while Plaintiff went to the file cabinet to retrieve a change of clothes and a Ziploc bag;

46. Before AH left the classroom, the bleeding had subsided and she was instructed to wash her hands before she changed her clothes.

47. Plaintiff went to the restroom area to retrieve AH and another student.

48. AH rinsed her mouth out and was looking at herself in the mirror.

49. Plaintiff observed AH, neither AH's lips nor her mouth were swollen, red, are apparently painful.

50. Plaintiff walked with AH to the nurse's office and gave the nurse AH's clothes to be washed, and told the nurse that AH had stained clothes, and it was then that plaintiff pointed to AH and told the nurse that she had sustained clothes, flood to be exact and there was nothing out of the ordinary to prompt him to examine the student.

51. Plaintiff said that she and AH left the nurse's office, and the students were escorted and dismissed to Ancillary.

52. At about 2 o'clock, the nurse brought AH's clothes to Plaintiff.

8

53. AH's mother, Shelton filed criminal charges against Plaintiff.

54. Defendant Gardea interviewed plaintiff who denied slamming AH to the floor.

55. On or about November 29, 2016 Plaintiff was suspended from the classroom and reassigned to a football stadium Fieldhouse.

56. Plaintiff was given to notices by HISD, at or about the same time, one indicating that she was proposed for termination of employment and the other indicating that she was proposed for nonrenewal of employment by the Board of Trustees of the district, and appealed the illegal separation to an independent hearing examiner, Todd Riff, on January 27, 2017..

57. Criminal charges were filed against Plaintiff in cause 02897177 by Sonia through the Harris County District Attorney's Office on March 10, 2017.

58. Defendants knew that with criminal charges being filed against her, plaintiff would in all likelihood be directed by her defense attorney not to testify in the administrative separation of employment proceeding so that it was a calculated move by Defendant's to force Plaintiff to be silent.

59. On April 17, 2017 Plaintiff received by both certified mail and regular mail notice from been Superintendent of Schools of Houston ISD, Richard a Carranza notice of the following:

> On April 13, 2017, the Board of Education of the Houston Independent School District (HISC) entered a final order to nonrenew

your contract at the end of the 2016-2017 school year. **You previously received notice that a proposed proposal to nonrenew your contract is pending before the board. You are notified of your opportunity to contest the proposed nonrenewal at a hearing before a Texas Education Agency (DEA) Certified Hearing Examiner assigned by the Commissioner of Education.** No request for the assignment of the hearing Examiner was presented to TEA within the timeframe allowed by law. IN THE EVENT THAT YOU ARE RECEIVING THIS LETTER AND A TIMELY APPEALED HAS BEEN FILED ALL, ON Your BEHALF, THE ADMINISTRATION WILL RECOMMEND TO THE BOARD.THAT FINAL ORDER WILL Be RESCINDED AND THE APPEAL PROCESS CAN PROCEED, YOU ARE RECEIVING THIS LETTER BECAUSE DEA HAS NOT YET NOTIFIED HSD THAT ALL Your OWN Appeal HAS ON Been RECEIVED.

60. Before a professional educator can be terminated for use of force, the HISD Board must determine that **the employee's use of physical force against a student to the extent justified under Section 9.62, Penal Code[, that is, Plaintiff] did not reasonably believe the force [was] necessary to further the special purpose or to maintain discipline in a group**.

61. HISD never followed the statute before terminating/non-renewing Plaintiff.

62. The HISD Board switched from Non-renewal to termination and to non-renewal and to termination again because it realized that it had again not followed the law and evaluated 2016-2017, and that it was required by statute to first consider the most recent material evaluation and if did it could non-renew Plaintiff.

63. HISD had no jurisdiction to terminate or non-renew, and without jurisdiction it could not have set Plaintiff up for the charges that Shavonne for her reasons and Gardea and Quintanilla for their respective reasons all in contravention of the law which is contrary to Texas' protected constitutional interests and rights to due process rights possessed by Plaintiff both under state and Federal law.

64. **On July 26, 2019 AH was privately interviewed by the Assistant District Attorney and admitted that Plaintiff was not guilty of that with which AH had been the "Complainant", and the criminal charges against Plaintiff were dismissed on the recantation by the child AH, .**

65. However, to protect HISD, the District Attorney concluded and checked the box on their form, Plaintiff had been falsely charged on the lie by a child....**with probable cause!**

66. **On October 10, 2019, the TEA's State Board of Educator Certification rushed to further protect HISD and punish Plaintiff for refusing to capitulate and resign when she was told to do so by HISD, even though the HISD was publicly calling TEA a racist and unconstitutional organization...or words to that effect and put Plaintiff on notice that despite the statutory law, it intended to strip Plaintiff of her career and certifications.**

67. Defendants, jointly and severally, as state actors or in conjunction with state actors have acted was sufficient legal scienter to deprive Plaintiff

11

of rights, privileges and immunities secured to her by the Constitution of the United States of America, more specifically the First and the Fourteenth Amendments.

68. Individual defendants have civilly conspired to violate Title 42 USC, Section 1983, and to breach various legal duties imposed upon them by the statutory and/or common-law of the State of Texas.

69. Individual defendants are not entitled to qualified immunity for having violated the Constitution of the United States of America, or to any governmental or statutory immunity.

70. Plaintiff prays for declaratory relief, whereby Defendants would be declared to have violated the Constitutions of the United States of America, and the State of Texas.

71. Plaintiff prays for damages, both compensatory and punitive against each Defendant.

72. Plaintiff prays for reasonable and necessary attorney's fees, and costs, and all interest to which he is entitled, both pre- and post judgment.

Respectfully submitted,

WATTS & COMPANY LAWYERS, LTD.

/s/ *Laurence Wade Watts*
Laurence Wade Watts
State Bar No. 20981000
 Federal I.D. 7092
P.O. Box 2214
Missouri City, Texas 77459
Telephone: (281) 431-1500
Facsimile: (877) 797-4055
E-mail: wattstrial@gmail.com
*Attorneys for the Plaintiff*

13