Case 4:20-cv-02638 Document 28 Filed on 11/30/21 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARKETHIA MULL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:20-CV-02638 |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, SONIA QUINTANILLA, & MARGUERITE GARDEA, | § § § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 18), Plaintiff's response (Doc. No. 26), and Defendants' reply (Doc. No. 27). Having considered the motion, the applicable law, and the parties' arguments, the motion is hereby granted, and the Plaintiff's Original and First Amended Complaints are dismissed with prejudice.

**I.**

This is a § 1983 action by Plaintiff Markethia Mull ("Mull") against Houston Independent School District, Sonia Quintanilla, Marguerite Gardea, and Shavonne Sheltton (collectively, "Defendants"). According the pleaded allegations, Plaintiff Mull was a kindergarten teacher hired under a term contract. She was employed at B.C. Elmore Elementary School. Defendant Marguerite Gardea ("Gardea") was the principal of the school at the time. Defendant Sonia Quintanilla ("Quintanilla") worked for Houston Independent School District's ("HISD") police department. According to Defendants, on November 11, 2016, Mull restrained a young girl's arms behind her back and allegedly slammed her to the floor, causing the child's lip to bleed and bruise.[1]

---

[1] The child's alleged mother, Defendant Shavonne Sheltton, has not been served and has not answered.

1

Mull admits the encounter, but claims the incident has been exaggerated and that her use of discipline was justified. She also disputes any characterization to the effect that she used inappropriate restraint or that she in any way injured the child.[2]

Regardless of whether the Plaintiff or Defendants are correct in their description of the incident, it is undisputed that Mull was suspended from her teaching duties and reassigned from B.C. Elmore Elementary School to a work situation at a football stadium fieldhouse in late November 2016. She was also notified that the Board of Trustees of HISD had proposed that her contract not be renewed. That decision was appealed by Mull in January 2017. HISD refused to renew her contract in April 2017.

Mull filed this lawsuit on July 28, 2020. (Doc. No. 1). Her claims, while oft-times muddled, are that the Defendants conspired to violate 42 U.S.C. § 1983 and that they violated her rights, privileges, and immunities guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 11–12); (Doc. No. 16 at 2). She also pleaded that HISD violated Section 9.62 of the Texas Penal Code when it nonrenewed her contract. (Doc. No. 1, at 3–4).[3] Defendants responded with a motion to dismiss. (Doc. No. 7). In response to this motion to dismiss the Original Complaint, the United States Magistrate Judge granted Mull the chance to replead. (January 14, 2021 Minute Entry). The Amended Complaint seeks to allege the same factual background as the initial complaint. Mull does this by incorporating by reference parts of her initial complaint into her Amended Complaint. (Doc. No. 16 at 2). The Court finds this procedure to be highly ill-advised as she is, in effect, trying to incorporate from a pleading that is a nullity. This is

---

[2] Obviously, in ruling on this Rule 12(b)(6) motion, the Court must accept Plaintiff's factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

[3] This Court has reviewed the Original and Amended Complaints multiple times and finds the facts to be set out in a straightforward fashion in the former, but the actual causes of action in either are, to be charitable, hard to decipher.

2

especially true when one is repleading to cure earlier deficiencies. When one files an amended pleading, it replaces and renders null the pleading it seeks to amend. The original pleading for legal purposes no longer exists. *Guar. Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192 (5th Cir. 1998) ("An amended pleading completely supersedes prior pleadings . . . ."). While this incorporation practice is not recommended, the Court will nonetheless consider the facts in the prior pleading (for purposes of this motion), despite the fact that the First Amended Complaint contains no supporting facts.[4] This will not prejudice the Defendants here as they have also treated the Amended Complaint as if there were actually facts alleged in their motion to dismiss the Amended Complaint.

## II.

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." To defeat a motion under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (per curiam). The court is not bound to

---

[4] The Court acknowledges that there is some caselaw that suggests that an amended complaint supersedes and renders a prior complaint of no legal effect "unless the amended complaint specifically refers to and adopts or incorporates by reference the prior pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). While authority obviously exists for this proposition, this practice creates confusion and at best could be described as "loose" practice. Moreover, it defeats the purpose of a timely motion to dismiss and the Magistrate's permission to replead, and it subjects a defendant to a constantly moving target.

accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* The court may also consider documents that a defendant attaches to a motion to dismiss, if the documents are "referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 500 (5th Cir. 2000); *see also Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (Lynn, J.).

## III.

### A.  Statute of Limitations

Defendants first contend that Plaintiff's claims are barred by the applicable statute of limitations. Claims brought pursuant to § 1983 (and thus Mull's claims under the First, Fourth, and Fourteenth Amendments) are subject to the two-year statute of limitations. The Supreme Court has held that these kinds of claims should be treated like personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014). In Texas, the statute of limitations for personal injury actions is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Thus, a plaintiff has two years from "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992).

Plaintiff pleads that she received the notice of nonrenewal of her contract on April 17, 2017; thus, her claims were barred on April 18, 2019—over a year before she filed suit.[5] Therefore, these claims are barred by the statute of limitations and are hereby dismissed.

---

[5] In some places, Plaintiff pleads her nonrenewal notice was received by her on April 17, 2017 (*e.g.*, Doc. No. 1 at 9), while in other places she pleads that she received such notice on April 21, 2017 (*e.g.*, *id.* at 5). Regardless of which date the Court utilizes, the statute of limitations expired long before she filed suit.

4

The statute of limitations for violations of the Texas Constitution is also two years. *Jackson v. Hous. Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Sullivan v. Chastain*, No: SA-04-CA-0803, 2005 U.S. Dist. LEXIS 6952, at *11 (W.D. Tex. 2005). Therefore, all of Mull's claims based upon the Texas Constitution are also barred by the applicable statute of limitations and are hereby dismissed.

**B.    Private Damage Actions Based Upon the Texas Constitution**

The Court also finds, with respect to Mull's damage claims based upon the Texas Constitution, that they must also be dismissed for the additional reason that there is no private cause of action based upon the Texas Constitution unless expressly authorized. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995); *see also Vincent v. W. Tex. State Univ.*, 895 S.W.2d 469, 475 (Tex. App.—Amarillo 1995, no writ) ("[*Vincent*] eschewed the opportunity to create private rights of action for constitutional torts involving the Texas Constitution."). In response, Plaintiff concedes this point. She nonetheless contends that she is not seeking damages under the Texas Constitution, but "only declaratory and equitable relief against HISD." (Doc. No. 26 at 2). Indeed, in her First Amended Complaint, she does pray for injunctive relief as well as for a declaration that her rights were violated. (Doc. No. 16, at 6–7). The Court therefore holds that any claim for damages (actual or punitive) are dismissed for this additional reason as well. If they had been timely filed, the Court would not have dismissed the claims for equitable and declaratory relief.

**C.    Malicious Prosecution Under § 1983**

Mull has filed a claim for malicious prosecution under 42 U.S.C. § 1983. The Fifth Circuit has ruled that to proceed under § 1983, one's claim must be based upon a denial of rights secured by federal law. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc). There is "no

5

such freestanding constitutional right to be free from malicious prosecution." *Porter v. Lear*, 751 F. App'x 422, 432 (5th Cir. 2018) (quoting *Castellano*, 352 F.3d at 945). Consequently, Mull's § 1983 malicious prosecution claims fail. Therefore, under prevailing law, this claim is not recognized and must be dismissed.

Further, Plaintiff admits (and, more importantly, has *pleaded*) that the Harris County District Attorney's office and the District Court found there was probable cause. (Doc. No. 1, at 11). This fact is part of the portion of the Original Complaint that Plaintiff has incorporated by reference into the Amended Complaint. (Doc. No. 16, at 2). Moreover, the dismissal order containing this probable cause statement was signed by the presiding judge and was attached as Exhibit 1 to the First Amended Complaint. (*Id.*, Ex. 1, at 46). No Fourth Amendment claims may be based upon malicious prosecution where probable cause existed. *Travis v. City of Grand Prairie*, 654 F. App'x 161, 164 (5th Cir. 2016); *see also, e.g.*, *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) ("Connors's other section 1983 claims are barred for the same reasons. Connors cannot prevail on his [Fourth Amendment] claim for unlawful seizure unless he proves that the officers lacked probable cause."). Consequently, in this case, such a claim is barred by law.

**D.     HISD's Liability**

With respect to HISD, in order to viably claim that the school district is liable for the acts of Quintanilla and/or Gardea, Mull must allege that HISD had a custom, practice, or policy from which the constitutional violation resulted. *Travis*, 654 F. App'x at 165. Stated another way, the plaintiff must allege (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights brought about by the policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694

(1978). The concept of respondeat superior has been rejected. *Rodriguez v. Hous. Indep. Sch. Dist.*, 710 F. App'x 196, 198 (5th Cir. 2018). The requirements in this area of law are well established:

> Municipal liability under 42 U.S.C. § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).
>
> The policymaker must have final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Municipal liability cannot be sustained under a theory of respondeat superior. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Piotrowski*, 237 F.3d at 578. "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578. Therefore to sustain liability under § 1983, the Parents must point to more than the actions of a HISD employee, they must identify a policymaker with final policymaking authority and a policy that is the "moving force" behind the alleged constitutional violation.

*Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); *see also Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995).

At best, Mull pleads that HISD took certain adverse actions that culminated in her termination. Merely being fired—even if inappropriately—does not equate to a policy or custom. The closest Mull's pleadings come to alleging a policy is where the Complaint states:

> There was no probable cause to file charges against Plaintiff or to disregard the entity's policies and the state statute which noncompliance by the individual defendants demonstrates *a policy to disregard statutory rights of Teachers when reasonably maintaining student behavioral norms for safety and classroom order*, and a failure to train Sonia and Gardea. In fact, it is *a widespread practice in HISD to blame the teacher if students of any age, reliable or not, blame the Teacher to the parent, and the parent sounds litigious or seems aggressive.*

(Doc. No. 16, at 5, ¶ 17) (emphasis added). Even so, Mull has failed to "identify a policymaker with final policymaking authority." *See Rivera*, 349 F.3d at 247. Moreover, outside of the allegations concerning herself, the remainder of the allegations are merely conclusions and are not factual. One act does not constitute a policy. Mull's pleadings are therefore inadequate on the issue of the school district's liability.

7

### E. Qualified Immunity

The Defendants claim that Gardea and Quintanilla have qualified immunity in this matter. Plaintiff alleges that Gardea provided information to the HISD police department (Defendant Quintanilla) and that she did not provide a written evaluation to Plaintiff during the 2016–17 school year. By Plaintiff's own admission, Mull was removed from B.C. Elmore in November 2016 and was nonrenewed in April 2017. That being the case, it is highly questionable that a principal would be under any requirement to evaluate a former employee. Nevertheless, for the purpose of addressing this allegation, the Court will assume that she had that duty.

Mull contends that Quintanilla cooperated with the Harris County District Attorney's Office to investigate the charges brought against Mull. (There are no individual charges against Defendant Shavonne Sheltton. She has never been served and so is not a party.)

The other joint allegations against Quintanilla and Gardea in the Original Complaint are:

> Plaintiff was employed by HISD as a classroom teacher from August 2013 through suspension of her teaching duties on November 28, 2016 for false and fabricated accusations concocted by Defendant's [sic] Gardea, Sheltton, and Julia Dimmitt, Sonia Quintanilla, and Steve Olivo, all acting together in civil conspiracy.
>
> * * *
>
> HISD had no jurisdiction to terminate or non-renew, and without jurisdiction it could not have set Plaintiff up for the charges that Shavonne for her reasons and Gardea and Quintanilla for their respective reasons all in contravention of the law which is contrary to protected constitutional interests and rights to due process rights by Plaintiff both under state and Federal law.

(Doc. No. 1 at 4, ¶ 12 and at 11, ¶ 6).

The only additional relevant pleadings in the Complaint are:

> 63. HISD had no jurisdiction to terminate or non-renew, and without jurisdiction it could not have set Plaintiff up for the charges that Shavonne for her reasons and Gardea and Quintanilla for their respective reasons all in contravention of the law which is contrary to protected constitutional interests and rights to due process rights by Plaintiff both under state and Federal law.

8

> 67. Defendants, jointly and severally, as state actors or in conjunction with state actors have acted was sufficient legal scienter to deprive Plaintiff of rights, privileges and immunities secured to her by the Constitution of the United States of America, more specifically the First and the Fourteenth Amendments.
>
> 68. Individual defendants have civilly conspired to violate Title 42 USC, Section 1983, and to breach various legal duties imposed upon them by the statutory and/or common-law of the State of Texas.
>
> 69. Individual defendants are not entitled to qualified immunity for having violated the Constitution of the United States of America, or to any governmental or statutory immunity.

(Doc. No. 1 at 11–12).

While Mull makes a conclusory allegation that there is no qualified immunity, neither the original nor the first amended complaints plead any actual facts to support such a contention. Public officials are immune from claims like this unless a plaintiff pleads facts—not conclusions—that, if true, would establish that (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020).

Mull's allegations against Gardea include only the fact that she provided information to HISD police about the child disciplinary event and the fact that she did not provide Mull with a review during the 2016–17 school year—when she was suspended and *not even at the school*. Her complaint about Quintanilla is that she cooperated with the Harris County District Attorney's Office in its investigation of the child disciplinary matter. Both individual defendants are accused of conspiring to falsely accusing her (presumably of wrongful conduct with respect to her

9

treatment of the student, although even this is not pleaded), but there are no facts pleaded in support of this claim.[6]

There are no facts pleaded that would support a reasonable inference of their liability, nor are there facts pleaded that they violated a statutory or constitutional right or that these "rights" were clearly established. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Clearly, there are no facts pleaded that, if true, would satisfy either of the necessary elements to evade the bar of qualified immunity. Therefore, the Court finds that both Gardea and Quintanilla have qualified immunity and the claims against them are hereby dismissed.

**F.     Various Other Defects of the Complaint**

*1. Free Speech*

Mull claims the Defendants violated her First Amendment right to free speech, but in no way pleads what protected speech she was deprived of or how the Defendants somehow abridged these rights.

*2. Due Process Rights*

Mull purports to claim a violation of her Fourteenth Amendment right to due process. To survive a motion to dismiss addressed to this claim, one must plead a protected liberty or property interest of which she was deprived. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Public school teachers working under fixed term contracts do not have property interests beyond the term of their contract. *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1529–30 (5th Cir. 1993).

---

[6] If the Court limited its review to the actual operative pleading (i.e., the first amended complaint), there are *no* allegations against either individual.

For a procedural due process claim, Mull has to plead (in addition to a recognized protected interest) that she was not given a notice and an opportunity to appear.

> To state a § 1983 claim for violation of the Fourteenth Amendment right to procedural due process, a plaintiff must allege that: "(1) [he] has a property interest in [his] employment sufficient to entitle [him] to due process protection, and (2) [he] was terminated without receiving the due process protections to which [he] was entitled."
>
> * * *
>
> Ristow has failed to allege that he was not provided notice or an opportunity to be heard prior to his discharge. **He does not claim that the stigmatizing charges were made public, that he requested a hearing to clear his name, or that the City denied such a request.** Ristow's amended complaint therefore fails to state a claim for a substantive due process violation under a "stigma-plus-infringement" theory. The district court correctly granted the officers' motion to dismiss Ristow's Fourteenth Amendment claims.

*Ristow v. Hansen*, 719 F. App'x 359, 364–65 (5th Cir. 2018) (emphasis added).

Mull's pleadings state just the opposite. Not only was she notified, but she also fought the nonrenewal and even appealed the decision to an independent hearing examiner. (Doc. No. 1, at 9–10).

### 3. *Claims Based Upon the Texas Education Code*

Next, in order to maintain claims based upon the Texas Education Code, one must exhaust one's administrative remedies. Mull's pleadings do not indicate she exhausted such remedies. The rules for such appeals are set out in the Texas Administrative Code. An employee must exhaust the administrative processes prior to filing suit. *Hous. Indep. Sch. Dist. v. Rose*, No. 01-13-00018-CV, 2013 Tex. App. LEXIS 8098, at *8 (Tex. App.—Houston [1st Dist.], no pet.). This rule applies even if the claims are based upon the Texas Constitution. *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 470–71 (Tex. App.—Texarkana 2001, no pet.). Mull has not pleaded—nor has she even argued—that she has complied with this requirement.

*4. Claims Based Upon the Texas Penal Code*

Finally, Mull pleaded that HISD violated Section 9.62 of the Texas Penal Code by nonrenewing her contract. (Doc. No. 1, at 3–4). "[T]he Penal Code," however, "does not create private causes of action, and a victim 'does not have standing to participate as a party in a criminal proceeding.'" *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) (citing Tex. Const. art. I, § 30(e)). Mull accordingly has no claim to relief under the Texas Penal Code. *See Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004) (citing *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).

## IV.

For the many reasons described above, the Defendants' Motion to Dismiss (Doc. No. 18) is **GRANTED** and the Plaintiff's Original and First Amended Complaints are dismissed with prejudice.

SIGNED at Houston, Texas this 30th day of November, 2021.

Andrew S. Hanen
United States District Judge