# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
September 12, 2022
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
August 4, 2022
Lyle W. Cayce
Clerk

No. 22-20001
Summary Calendar

---

MARKETHIA MULL,

*Plaintiff—Appellant,*

versus

HOUSTON INDEPENDENT SCHOOL DISTRICT; SONIA QUINTANILLA, *Houston Independent School District Police Officer;* MARGUERITE GARDEA; SHAVONNE SHELTTON,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2638

---

Before SOUTHWICK, OLDHAM, AND WILSON, *Circuit Judges.*

PER CURIAM:[*]

Markethia Mull, a former kindergarten teacher at B.C. Elmore Elementary School, sued Houston Independent School District, District police officer Sonia Quintanilla, Principal Maguerite Gardea, and Shavonne

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-20001

Sheltton[1] under 42 U.S.C. § 1983, alleging violations of her rights under the First, Fourth, and Fourteenth Amendments as well as claims under Texas law. Mull sued after the District decided not to renew her teaching contract in the wake of a physical altercation with a young student. The Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted, and the district court granted their motion. We affirm.

I.

Mull worked as a kindergarten teacher at B.C. Elmore Elementary School for three years, from 2013 until 2016. She was employed under a term contract. In November 2016, Mull was involved in a physical altercation with a young female student. Mull maintains that she applied reasonable force to the student's hands to keep her from hitting other students, but the District's investigation found that Mull intentionally and knowingly caused injury to the child by restraining the student's arm behind her, slamming her to the floor and causing the student to bleed from her mouth. While the facts of the altercation are disputed, it is undisputed that Mull was suspended from her teaching duties as a result and reassigned to work at a football stadium fieldhouse.

In January 2017, the District's Board of Trustees proposed a mid-year termination of Mull's teaching contract. Mull appealed their recommendation to the Commissioner of Education, but then she dismissed her appeal. On April 21, 2017, the Board ultimately decided not to renew her contract. Rather than appeal that decision, Mull filed this lawsuit on July 28,

---

[1] Mull alleged in her complaint that Sheltton was the mother of the child involved in the altercation giving rise to this action. But Sheltton apparently was never served and did not answer Mull's complaint.

2

2020. She alleged that the defendants conspired to violate Section 1983 and violated her rights, privileges, and immunities under the First,[2] Fourth, and Fourteenth Amendments to the United States Constitution. She additionally alleged that the District violated the Texas Constitution and several state statutes by failing to renew her contract.

Defendants responded with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They contended that Mull's claims were time-barred, unexhausted, and baseless. The district court granted the defendants' motion. Mull now appeals.

## II.

"We 'review a grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all well-pled facts as true and viewing those facts in the light most favorable to the plaintiff[].'" *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021) (quoting *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018)). Rule 12(b)(6) governs dismissal for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On appeal, Mull contends that the district court erred: (1) in dismissing her Section 1983 claims when it failed to consider that Texas Education Code section 22.0512 immunized her against disciplinary procedures; (2) in failing to consider the District's noncompliance with Texas Education Code sections 21.0203 and 22.0512 and Texas Penal Code section 9.62, and how this violated her due process rights; (3) by applying a

---

[2] Mull abandoned her First Amendment claim on appeal.

No. 22-20001

two-year statute of limitations to bar Mull's claims under the Texas Constitution; and (4) in dismissing Mull's claims based on alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution. We address each of these arguments in turn.

### A.

Under Texas Education Code section 22.0512, "[a] professional employee of a school district may not be subject to disciplinary proceedings for the employee's use of physical force against a student to the extent justified under Section 9.62, Penal Code." TEX. EDUC. CODE § 22.0512. Texas Penal Code section 9.62 provides that:

> The use of force, but not deadly force, against a person is justified: (1) if the actor is entrusted with the care, supervision, or administration of the person for a special purpose; and (2) when and to the degree the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group.

Mull contends that these provisions granted her immunity from disciplinary proceedings regarding her physical altercation with a student.

But section 22.0512 was not an impediment to dismissal of Mull's Section 1983 claims because, as a threshold matter, Mull failed to exhaust her administrative remedies as to this issue. In Texas, "[i]f the Legislature expressly or impliedly grants an agency sole authority to make an initial determination in such disputes, the agency has exclusive jurisdiction, and a party 'must exhaust [her] administrative remedies before seeking recourse through judicial review.'" *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (quoting *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013)). Here, Mull was required first to appeal the District's nonrenewal of her contract to the Commissioner of Education. *See* TEX. EDUC. CODE §§ 21.251-60, 21.301-07. Mull has not pled, nor argued here, that she did so.

No. 22-20001

As she failed to exhaust her administrative remedies as to this issue, the district court's dismissal was proper.

## B.

Similarly, Mull contends that the district court failed to consider the District's noncompliance with its own policies and state law—specifically Texas Education Code section 21.203 and section 22.0512, and section 9.62—when it decided not to renew her employment contract. Mull contends that the District's noncompliance violated her due process rights.

Under section 21.203, "[t]he [District] must consider the most recent evaluations before making a decision not to renew a teacher's contract if the evaluations are relevant to the reason for the [District's] action." Mull contends that the District did not consider the high marks that she received on previous evaluations before it decided not to renew her contract, and that she had a due process right that the District do so. By extension, Mull reasons that the district court failed to consider the due process violation in dismissing her claims.

Contrary to Mull's assertions, the district court properly dismissed Mull's procedural due process claim. As with her first issue, Mull failed to exhaust her administrative remedies. *See In re Sw. Bell Tel. Co.*, 235 S.W.3d at 624–25; *see also* TEX. EDUC. CODE § 21.301. Mull's claim regarding the District's noncompliance with its policies and state law is plainly ancillary to the District's decision not to renew her contract, and

> if the constitutional claim is "ancillary to and supportive of a complaint about the [District's] handling of an employment contract or application of school law," such that the true nature of the claim, although asserted as a constitutional violation, necessarily results from a violation of school laws or an employment contract, then [Texas Education Code Section 7.057(a)] authorizes and requires the Commissioner to hear the

5

No. 22-20001

appeal first, unless another exception to the exhaustion requirement applies.

*Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 553 (Tex. 2016) (quoting *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 474 (Tex. App. 2001)); *see* TEX. EDUC. CODE § 7.057(a). Thus, the district court properly dismissed Mull's claim regarding the District's alleged procedural due process noncompliance because Mull failed to exhaust her administrative remedies before filing suit in the district court.

## C.

Mull next takes issue with the district court's dismissal of her claims alleged under the Texas Constitution. These claims essentially duplicate her statutory arguments but additionally assert a property interest in her employment contract. The district court found these claims to be time barred. "The statute of limitations for a substantive due process claim brought under the Texas Constitution is two years." *Jackson v. Hous. Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App. 1999); *see* TEX. CIV. PRACT. AND REM. CODE § 16.003(a) (providing that "a person must bring suit for . . . taking or detaining the personal property of another . . . not later than two years after the day the cause of action accrues"). Mull received notice on April 21, 2017, that the District was not renewing her contract. She filed this action on July 28, 2020, well more than two years later. Thus, the district court properly dismissed Mull's claims under the Texas Constitution as barred by the statute of limitations.

## D.

Finally, Mull contends that the district court erred in dismissing her claims based on alleged violations of the Fourth Amendment and her substantive due process rights under the Fourteenth Amendment. Mull contends that the District violated her Fourth Amendment rights in

6

maliciously prosecuting her without probable cause. Specifically, Mull contends that she was wrongly subjected to criminal prosecution because she had a reasonable belief that the physical force she used was necessary and allowed under section 22.0512 and section 9.62. But there is "no ... freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc). Further, the lack of probable cause to prosecute is an essential element of a malicious prosecution claim. *See Rife v. City of Dallas*, 91 F.3d 139 (5th Cir. 1996). Here, the Harris County District Attorney's office had probable cause based on the District's findings that Mull restrained the child's hand behind her back and slammed her to the floor. Thus, the district court properly dismissed Mull's Fourth Amendment claim.

Mull also contends that her Fourteenth Amendment substantive due process rights were violated because of the District's failure to comply with provisions of the Texas Education Code and Texas Penal Code. "To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show ... that [she] had a property interest/right in [her] employment ...." *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation omitted). "[P]ublic school teachers under fixed term contracts do not have property interests in their teaching positions extending beyond the term of the contracts." *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1530 (5th Cir. 1993). Thus, the district court properly dismissed Mull's substantive due process claim.

AFFIRMED.